Below is an order of the court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>ROBERT LEROY RIEMENSCHNEIDER and OLGA LRENE RIEMENSCHNEIDER,<br><br>Debtors. | Bankruptcy Case<br>No. 17-32477-tmb7 |
| MARK MARSHALL, on behalf of the chapter 7 bankruptcy estate,<br><br>Plaintiff,<br><br>v.<br><br>REALVEST CORPORATION, PAUL CHRISTENSEN, GREG DANIELS, LOWER BRIDGE ROAD LLC, and JOHN DOES 1-5,<br><br>Defendants. | Adv. Proc. No. 19-3064-tmb<br><br>MEMORANDUM OPINION[1] |

This matter came before the court on a motion for summary judgment (the "Motion," ECF No. 16) filed by Defendants. The Motion seeks summary judgment on all four claims pleaded in Plaintiff's complaint. In deciding this matter, I have carefully considered the written

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM OPINION

arguments of both parties, the documentary evidence in the record, and applicable legal authority, both as cited by the parties and as discovered through my own research.  In light of my review, I grant the Motion for the reasons set forth herein.

## I.  Relevant Facts

Two basic debts form the basis for this dispute.  First, in 2014, defendant Realvest Corporation ("Realvest") obtained a judgment for $1.81 million (the "2014 Judgment") against debtor Robert Riemenschneider in Multnomah County Circuit Court.  Def. Concise Statement of Material Facts ("CSF," ECF No. 19) ¶ 1; Main Case, Claim No. 8-1.  Second, on March 1, 2016, Realvest entered into a lending agreement (the "2016 Loan") with both Debtors, pursuant to which Realvest agreed to advance various sums for the Debtors' general care and support.  Decl. of David Fuhrer (ECF No. 18) ¶ 3 and Exh. A.  To secure payment of these debts, Realvest recorded UCC-1 financing statements on January 25, 2016 and March 7, 2016.  CSF ¶¶ 4 and 6.  Debtors filed a voluntary chapter 7 petition on June 30, 2017.  With approval of the court, the chapter 7 trustee granted Plaintiff derivative standing to assert claims on behalf of the bankruptcy estate that could result in recovery for creditors.  Order Granting Motion to Settle (Main Case ECF No. 50).

## II.  Jurisdiction

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This is a core matter under 28 U.S.C. § 157(b)(2)(B) and (H).

## III.  Analysis

A court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (applicable through  Fed. R. Bankr. P. 7056).  The movant has the burden of establishing that there is no disputed issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The court must view the facts and draw all inferences in the light most favorable to the non-moving party.  *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003).  The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a

matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a finder of fact might return a verdict in its favor. *Id.* at 257.

Here, Plaintiff pleads four claims for relief. The first and second claims seek to avoid the "granting and perfection of liens in Debtors' assets," under the fraudulent transfer provisions of the Bankruptcy Code and chapter 95, Oregon Revised Statutes. The third claim objects to Realvest's filed proof of claim. The final claim seeks recovery of ill-defined property of the estate that is allegedly held by the Defendants.

A.     <u>Fraudulent Transfer</u>

Fraudulent transfers can be either "actually" or "constructively" fraudulent. *Plotkin v. Pomona Valley Imports (In re Cohen)*, 199 B.R. 709, 715-716 (9th Cir. BAP 1996). Here, Plaintiff has pled both theories, in the alternative. I turn first to Plaintiff's allegations of actual intent to hinder, delay, or defraud creditors. Such improper motives are measured by the state of mind of the debtor. *Id.* at 717. Here, Plaintiff has produced no evidence of improper intent on the part of the Debtors. Plaintiff claims there is evidence of fraud because "Debtors regularly communicated with Defendants regarding their financial situation." Pltf. Resp. to Motion (ECF No. 25) at 6. I find nothing fraudulent or otherwise improper about such communications. Alternatively, Plaintiff points to a series of emails that indicates the 2016 Loan was structured to provide Debtors with funds on which to live, while simultaneously providing security to Realvest in preference to other creditors. Pltf. Resp. to CSF ¶ 22. None of these emails are written by Debtors, nor do either of the Debtors appear to have even been copied on the email chain. Accordingly, these emails reveal nothing about the intent of the Debtors. At most, these emails prove that Realvest received preferential treatment in exchange for lending additional funds to the Debtors. Even if this intent can somehow be imputed to the Debtors, "mere intent to prefer one creditor over another, although inadvertently hindering or delaying creditors, will not establish a fraudulent transfer under section 548(a)(1)." *Rubin Bros. Footwear v. Chemical Bank (In re Rubin Bros. Footwear)*, 119 B.R. 416, 423 (S.D.N.Y. 1990).

A constructively fraudulent transfer consists of a (1) transfer of an interest of the debtor in property, (2) within two years preceding the petition date, (3) while the debtor was insolvent, and (4) for which the debtor "received less than a reasonably equivalent value in exchange." 11 U.S.C. § 548(a)(1). The elements under Oregon law are the same, except that the lookback period is four years. ORS 95.280(2). Here, Plaintiff's constructive fraudulent transfer claims fail because the record shows that Debtors received reasonably equivalent value for the transfers. The 2016 Loan provided Debtors with funds so that they could cover basic living expenses. Realvest's liens also secure payment of the antecedent 2014 Judgment. *See Gugino v. Rowley (In re Floyd)*, 540 B.R. 747, 758 (Bankr. D. Idaho 2015) (securing the payment of a "present *or antecedent* debt of the debtor" qualifies as providing value). All told, Debtors owed Realvest over $3 million on the petition date, and Realvest has liens on collateral worth approximately $620,000. Fuhrer Decl. ¶ 6. Accordingly, Realvest is entitled to summary judgment on Plaintiff's fraudulent transfer claims.

B.  Claim Objection

Plaintiff seeks to disallow Realvest's claim in full, but never really explains why he is entitled to that relief. Complaint ¶ 22. Realvest's filed proof of claim is entitled to a presumption of validity under Federal Rule of Bankruptcy Procedure 3001(f). It is the Plaintiff's burden to come forward with any evidence that may rebut that presumption. *Litton Loan Servicing v. Garvida (In re Garvida)*, 347 B.R. 697, 706 (9th Cir. BAP 2006). Here, Plaintiff has not succeeded in rebutting the presumption.

As to the 2016 Loan, Realvest's proof of claim provides detailed records concerning amounts advanced to Debtors, and Plaintiff has come forward with absolutely no evidence that casts doubt on those figures. As to the 2014 Judgment (which was obtained by Realvest through a confession of judgment), Plaintiff contends that "Debtors, who were financially burdened and embroiled in several lawsuits by aggressive creditors, agreed to the $1.8 million confession of judgment to avoid court, not necessarily because they thought the amount was correct." Resp. to CSF ¶ 16. This is too slender a reed upon which to hang a claim objection. Plaintiff is essentially saying the judgment *could be* incorrect simply because it was not the product of a

fully litigated case. But Rule 3001(f) requires more: it is Plaintiff's burden to come forward with specific facts challenging the validity of the proof of claim. Plaintiff having failed to carry this burden, Realvest is entitled to summary judgment on the claim objection.

C. Recovery of Money or Property

Plaintiff's final claim, asserted against all Defendants, seeks recovery of "property or entities of the Debtors, including the Lower Bridge receivable and membership interest." Complaint ¶ 24. While Realvest has a security interest in the Lower Bridge Road receivable and membership interest, it does not appear to have taken possession of those assets at this time. Plaintiff's complaint contains no specific facts regarding any individual defendant's possession of Debtors' property, and Defendants affirmatively represent that they do not hold any such property. Fuhrer Decl. ¶ 9. In response, Plaintiff remarks that it "may be appropriate to dismiss this claim," since it is duplicative of the fraudulent transfer claims. Pltf. Resp. to Motion at 7. Since I am granting Realvest's Motion as to the fraudulent transfer claims, then Plaintiff seemingly concedes that dismissal of the fourth claim for relief is also appropriate.

IV. Conclusion

Defendants have shown that they are entitled to judgment as a matter of law, and Plaintiff has failed to come forward with evidence sufficient to show that there are any materially disputed facts at issue. Accordingly, I will grant the Motion. Counsel for Defendants should submit an order consistent with the terms of this opinion no later than January 22, 2020.

### 

cc: Natalie C. Scott
S. Ward Greene